IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS A. CURTIS,

    Petitioner,

v.                                                     Civil Action No. 5:05CV3
                                                         (Criminal Action No. 5:01CR1)
UNITED STATES OF AMERICA,                           (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

On October 28, 2004, petitioner, Thomas A. Curtis, filed a motion for reduction of sentence pursuant to <u>Blakely v. Washington</u>, 524 U.S. 296 (2004). This Court referred the motion to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). On January 3, 2005, this Court issued a Notification to Defendant of Right of Consent to Proceed Under 28 U.S.C. § 2255 or to Proceed as Filed. On January 10, 2005, the petitioner elected to have the motion for reduction converted to a motion filed pursuant to 28 U.S.C. § 2255. On January 27, 2005, the respondent was ordered to answer petitioner's motion. The respondent filed United States' Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, on February 9, 2005.

On September 27, 2005, the magistrate judge entered a report recommending that the petitioner's § 2255 motion be denied as untimely. The magistrate judge advised the parties that, pursuant

to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

In his § 2255 motion, petitioner contends that his sentence should be reduced. He argues that pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), his offense level of 26 should have been 18. The petitioner states that the jury found that he distributed 78 grams of pills which would take his offense level to 18 and with a criminal history of I he should have had a 27-month sentence. Instead, he was sentenced to 63-months incarceration. The petitioner requests that this Court order his immediate release; order the Bureau of Prisons to review his proper release date; hold a hearing on the issue; and grant a reduction.

In his report, the magistrate judge found that the petitioner's current motion is untimely. And, even if the motion was considered timely, <u>Blakely</u> does not apply retroactively to collateral attacks. According to the Anti-Terrorism and Effective Death Penalty Act of 1996, there is a one-year limitation period to file any federal habeas corpus motion. 28 U.S.C. § 2255. The magistrate judge correctly applied the statue of limitations period to the present case and found that the petitioner does not meet any of the four limitation periods.

> The limitation period shall run from the last of:
>
> 1. the date on which the judgment of conviction becomes final;
>
> 2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

First, the judgment of conviction was final on August 27, 2003 and the petitioner did not filed his § 2255 motion until October 28, 2004. The judgment of conviction becomes final when the time for seeking such review expires. <u>Clay v. United States</u>, 537 U.S. 522 (2003). The Fourth Circuit entered its judgment on May 29,

3

2003.  The petitioner had ninety days to file a petition for writ of certiorari.  He filed his § 2255 motion on October 28, 2004, clearly outside the 90-day filing period.  Further, the petitioner does not assert that the government created an impediment that caused him to file an untimely § 2255 motion.  The petitioner did not file his motion on new facts.  Thus, subsections two and four do not apply.  The magistrate judge correctly found that the third subsection does not apply because <u>Booker</u> is not retroactively applicable to cases on collateral review.  <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005).[1]

The magistrate judge concluded that a hearing is not necessary because the petitioner is not entitled to relief based upon his § 2255 motion.  Accordingly, the magistrate judge recommended that this Court enter an order denying the petitioner's § 2255 motion as being untimely and dismissing the case from the docket.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons stated above, petitioner's § 2255 motion is hereby DENIED.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

---

[1] Nine other circuit courts of appeal have also held that <u>Booker</u> does not apply retroactively to cases on collateral review.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner, Thomas A. Curtis, and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 20, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE